**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHARLES E. BRAMLETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-97-GPM** |
| | ) | |
| **LT. SCHULAR and MARK S. CARICH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 43), recommending that the motion for summary judgment for failure to exhaust administrative remedies filed by Defendants Lt. Schular and Mark S. Carich (Doc. 31) be granted in part and denied in part.  The Report and Recommendation was entered on October 18, 2012, and included a Notice that any objections were due within fourteen days of service.  Mr. Bramlett filed a late objection to the Report and Recommendation on December 20, 2012 (Doc. 48).

Background

In this 42 U.S.C. § 1983 case, Mr. Bramlett claims that in May of 2008 at Big Muddy Correctional Center, Defendant Carich ordered Plaintiff to be placed in a cell with another inmate who had previously threatened him (Doc. 1).  Plaintiff refused to remain in the cell with that inmate, leading to disciplinary action against him.  In October of 2008, Plaintiff was again assigned a cellmate who had made threats against him.  His grievances regarding this situation

were denied.   Plaintiff also claims that two approved visitors were denied entry and that a guard searched through Plaintiff's "legal boxes" without his consent (Doc. 1, p. 5).

The Court's 28 U.S.C. § 1915A threshold order dismissed all but Defendants Carich and Schular, as the other named Defendants were either state agencies or officials (Doc. 11).   The only claim that survived threshold review was Plaintiff's claim for failure to protect.   Because no actual physical harm resulted from the alleged failure to protect, the claim for damages was dismissed—the claim for injunctive relief went forward.   *See Leslie v. Wisconsin Dept. of Corrections,* 215 F.3d 1330 at *1 (7th Cir. 2000).

Report and Recommendation

On April 30, 2012, the remaining Defendants—Carich and Schular—filed a motion for summary judgment claiming Plaintiff failed to exhaust his administrative remedies as is required by 42 U.S.C. § 1997e(a).   Plaintiff filed a response to that motion, and on June 21, 2012, appeared via video for a *Pavey* hearing before Magistrate Judge Wilkerson (Docs. 35, 36).   *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008).

In the pending Report and Recommendation, Judge Wilkerson found that Plaintiff had submitted and appealed two grievances per the prison's procedures.   Though the alleged failure of Defendant Carich to protect Plaintiff from his cellmate was part of these grievances, Plaintiff also complained of false disciplinary action against him in the grievances.   After hearing both parties' evidence, Judge Wilkerson determined that these grievances sufficiently apprised prison officials of Plaintiff's failure-to-protect claim.   However, while Judge Wilkerson found Plaintiff's administrative remedies exhausted as to Defendant Carich, Defendant Schular was not alluded to or mentioned in any of the grievances.   With no indication that Defendant Schular was involved

in the incidents Plaintiff grieved to the prison, Judge Wilkerson found that Plaintiff had failed to exhaust his administrative remedies as to Defendant Schular and recommended summary judgment.

<u>Discussion</u>

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).   The Court "may accept, reject, or modify the magistrate judge's recommended decision."   *Harper*, 824 F. Supp. at 788.   In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'"   *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added).   However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff, Mr. Bramlett's, objection was not timely.   The Court has nevertheless considered Mr. Bramlett's objection and finds that it is not an objection to the findings of the Report and Recommendation at all—much less a specific objection.   The objection only mentions the Report and Recommendation inasmuch as that Report recounts the Court's October 17, 2011 threshold order (Doc. 11).   In that Order, the Court found that only Plaintiff's claims for injunctive relief against Defendants Schluer and Carich survived review under 28 U.S.C. § 1915A

screening.  Plaintiff's objection asks the Court to "amend" its Order and restore his claim for emotional damage (Doc. 48 p. 3).

A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).   Where a substantive motion for reconsideration is filed within twenty-eight days of entry of the order, the Court usually construes these as a motion filed under Federal Rule of Procedure 59(e). *Id*.   Mr. Bramlett's objection comes long after that deadline, so the only basis for relief from the Court's threshold order is Rule 60(b)(6) (Plaintiff gives no indication that any other subsection could apply).   Rule 60(b)(6) is an "extraordinary remedy [and] is generally granted only in exceptional circumstances."   *Blue v. International Brotherhood of Elec. Workers Local Union 159*, 676 F.3d 579, 585 (7th Cir. 2012) (internal quotations omitted).   Upon review of the record, the Court remains persuaded the October 17, 2011 Order dismissing all but Plaintiff's claim for injunctive relief against Defendants Carich and Schular was correct.   Inasmuch as Plaintiff's objection to the Report and Recommendation was a motion to reconsider the threshold order, no such relief is warranted and is **DENIED.**

Plaintiff makes no other objection to the Report and Recommendation, so a *de novo* review is not required.   *See Thomas v. Arn*, 474 U.S. 140 (1985).   However, the Court finds the factual findings and rationale of the Report and Recommendation sound.   The Court therefore **ADOPTS** the Report and Recommendation (Doc. 43) and **GRANTS in part and DENIES in part** Defendants' motion for summary judgment.   Plaintiff has failed to exhaust his administrative remedies as to Defendant Schular as required by the Prison Litigation Reform Act.   42 U.S.C. §

1997e(a).   Defendant Schular is **DISMISSED** from this action.   Plaintiff's claim against Defendant Carich shall proceed.

**IT IS SO ORDERED.**

DATED: January 17, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge