IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. BRAMLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-97-GPM-DGW |
| ) | |
| MARK S. CARICH, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the "Motion for Amicus Curea at Scheduled Deposition of Plaintiff" filed by Plaintiff, Charles E. Bramlett, on May 7, 2013 (Doc. 64).  Plaintiff seeks permission to have another inmate, Charles P. Allison, "to assist him in his effort to respond appropriately to Defendant's questions."  Plaintiff indicates that Mr. Allison has completed paralegal coursework and serves as a law clerk at the law library.   The Motion is **DENIED**.

Depositions proceed "as they would at trial" which means that Plaintiff would be entitled to have his attorney present at the deposition.  *See* FEDERAL RULE OF CIVIL PROCEDURE 30(c)(1). Mr. Allison, however, is not an attorney nor does he represent Plaintiff.   Mr. Allison would not be allowed to represent Plaintiff at trial or provide legal advice at trial.   Moreover, even if Mr. Allison is Plaintiff's counsel, he would not be able to "assist" Plaintiff in answering questions at a deposition.   Counsel may not coach, suggest answers, explain questions, or otherwise confer with Plaintiff while the deposition is being conducted.   While Counsel may object to certain questions, Plaintiff would still be required to respond to questions unless they seek privileged information, are designed to harass, or otherwise are excluded by the Court.  *See* FED.R.CIV.P. 30(c)(3).

For these reasons, the Motion for Amicus Curea at Scheduled Deposition of Plaintiff filed

by Plaintiff on May 7, 2013 (Doc. 64) is **DENIED**.

**DATED: May 9, 2013**

                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**