IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. BRAMLETT, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 11-97-GPM |
| MARK S. CARICH, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant's motion for summary judgment (Doc. 68) and Plaintiff's motions for preliminary injunction and for status (Docs. 72, 73). Defendant's motion is **GRANTED** and Plaintiff's motions **DENIED**. The Court finds Plaintiff's claims without merit, but in addition, finds that Plaintiff's motion for preliminary injunction is more properly filed in case 13-204-JPG-PMF, as Jessica Stover—the focus of the preliminary injunction motion—is actually a defendant in that action. Judgment in this case will enter for Defendant.

Factual Background

Mr. Bramlett brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At issue is his cell placement. He contends that Defendant knowingly removed him from safe cell assignments and placed him in dangerous cell assignments on two occasions.

On May 20, 2008, Defendant, the administrator of the Sexually Dangerous Persons (SDP)

treatment program, ordered Plaintiff to be placed in a cell with Roy Shivers ("Shivers"), an inmate who had previously threatened to fight him. At some point, Plaintiff refused to remain in the cell. As a result of his refusal, disciplinary charges were filed against Plaintiff, and he was placed in segregation. Plaintiff further refused to be placed in a cell with Shivers on at least three occasions during June, 2008. This resulted in additional disciplinary charges. Plaintiff sought protective custody, but learned that it was not available for SDP inmates.

A similar incident occurred in October 2008, after Defendant placed Plaintiff in a cell with inmate Randall Blake ("Blake"). Plaintiff and Blake had a history of conflict as Plaintiff had previously reported to prison officials that Blake sexually harassed him. Plaintiff believes that reporting this harassment led to Blake's threats to fight him. On one occasion, Blake made a specific threat to fight Mr. Bramlett which reported the threat to a wing officer, but Blake was not disciplined. Rather, the wing officer wrote up Plaintiff alleging that he threatened Blake and took him to segregation. A disciplinary ticket was issued to Plaintiff for threats and intimidation, and he was given one month in segregation after a hearing.

Upon threshold review of this 42 U.S.C. § 1983 Fourteenth Amendment complaint, the Court found that injunctive relief was the only relief to which Plaintiff could be entitled as he never suffered actual physical harm—placement in segregation removed him from Shivers and Blake. Beginning January 2013, Plaintiff was placed in a cell with inmate Mike Kramer ("Kramer"). In his deposition testimony, Plaintiff stated that his current cell placement at Big Muddy River Correctional Center did not present an imminent risk of danger. Plaintiff testified that the arrangement was "workable." While Plaintiff testified that Kramer, "cusses [him] out regularly, requests his in-cell food and commissary purchases, and has mood swings, and has grabbed [his]

butt while [he] was up in the bunk," he has not reported Kramer's behavior because he did not believe his life was threatened.

In his motion for a preliminary injunction, Mr. Bramlett now states that he is no longer celled Kramer, but now in a more "severe" situation with Todd Knebel. About Knebel, however, Plaintiff states only that he has committed sexual assaults in the past and this was known to "Defendant Stover" (as stated above, not a Defendant in this suit).

Discussion

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d

1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

Persons civilly committed under the Sexually Dangerous Persons Act (725 ILL. COMP. STAT. 205/0.01 *et seq.*) are deemed to be pretrial detainees, not convicted prisoners. *See Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

Corrections officials have a duty to protect pretrial detainees from violence caused by other inmates. *See Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). Liability for an injury, however, attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Thus, to prevail on a claim for failure to protect, Plaintiff must show that he was at risk of harm and that the Defendants knew about this risk and disregarded it. In other words, Plaintiff must show that Defendants were deliberately indifferent to

his plight. *See Farmer*, 511 U.S. at 834; *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). In order to recover damages, a plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). Where a plaintiff has been the victim of an attack, the defendants had to know that there was a substantial risk that those who attacked the plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence, however, is not enough to state a claim. *Pinkston*, 440 F.3d at 889, *citing Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985).

Although no compensatory damages are available in the absence of physical injury, the Supreme Court has recognized that an inmate may seek injunctive relief to prevent future harm. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993) ("a remedy for unsafe conditions need not await a tragic event"); *see also Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001). In order to ultimately obtain permanent injunctive relief, a party must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. *Old Republic Ins. Co. v. Emp'rs Reinsurance Corp.,* 144 F.3d 1077, 1081 (7th Cir. 1998); *see also Amoco Prod. Co. v. Vill. of Gambell,* 480 U.S. 531, 546 n. 12 (1987).

In this matter, Plaintiff's request for injunctive relief fails as it is retrospective in nature because he has since been removed from the dangerous cell conditions. "When there is no

continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991). Any "prospective relief . . . with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff. . . ." 18 U.S.C. § 3626(a)(1). Furthermore, such relief must be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." *Id*.

In his deposition testimony, Plaintiff admitted that his placement with Kramer presented no risk of imminent harm. He stated that cell placement was "workable." When asked if he had any cellmates from whom he feared bodily harm or danger, Plaintiff admitted that he only feared bodily harm when placed with Blake and Shivers; Plaintiff does not presently share a cell with either of these individuals. And though he has subsequently filed a motion indicating he is now housed with a more worrisome cellmate than Kramer, he alleges no specific threat. The future harm that Plaintiff's action seeks to prevent—harm as a result of cell placement with Blake and Shivers—was abated once Plaintiff was assigned to a different cell. As such, Plaintiff's request for injunctive relief is impermissibly retrospective as there is no continuing deprivation of any constitutional right for which this Court could grant relief

Conclusion

Defendant's motion for summary judgment (Doc. 68) is **GRANTED.** Judgment will enter for Defendant and this case shall be closed.

**IT IS SO ORDERED.**

**DATED**: November 22, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge